## In re Riale

*William J. Leopold, Jr.*, for guardian.
*Harry Polish*, for Commonwealth.
*Floyd W. Tompkins*, for wife of incompetent.

BOK, P. J., April 16, 1945.—The corporate guardian has $675.43 of the incompetent's funds. It asks for enough of this to pay counsel fees, administration expenses, and costs, and the Commonwealth concedes that this request is proper. The Commonwealth claims $450 of the fund under the Act of June 1, 1915, P. L. 661, 71 PS §1781 et seq., on account of maintenance of the incompetent in the Norristown State Hospital since February 18, 1941. The incompetent's wife asks as support for herself and their child the incompetent's entire monthly income of $18 from a disability policy of insurance; a small trust fund of $11.70, which the incompetent was holding for the child; and agrees that $200 be paid to the Commonwealth on account of maintenance. Her petition is brought under the Act of May 28, 1907, P. L. 292, 50 PS §901.

There is not enough in the fund to pay the Commonwealth's bill in full. The wife is working and makes $28 per week net.

I am regretfully of opinion that the claim of the Commonwealth must prevail. The wife's argument is that the Act of 1915 does not supersede the Act of 1907, and that since it places the claims of the Commonwealth ahead of general creditors, it places them after the claims of those now given preference by law. She

contends that her status as wife is at least an implied preference.

The Act of 1915, however, covers a separate field— the care by the State of its mentally incompetent citizens—and its provisions supply the answer to the wife's argument. In section 1, 71 PS §1781, it is provided that the "property or estate of such person [the incompetent] *shall* be liable for" (italics supplied) his maintenance. In section 2, 71 PS §1784, it is provided that the proper court of common pleas "*shall . . .* make an order for the payment of maintenance to the Commonwealth", upon the guardian or upon specified members of the incompetent's family, including the wife. Only such orders as are made upon the family members may be tempered by the court's discretion in the matter of their ability to pay. This is a clear legislative mandate that the State's services must be paid for by the patient or by his family to the extent that they can, and I have no doubt that the Commonwealth has the right to proceed against the wife for the deficiency here—although as a practical matter no court would make an order against her under the circumstances.

The order of payment set forth in the act is much stronger than any implication of the wife's preference. Since the act mentions those claims "which by law are now given preference", and since there is no specific preference given a wife by law, it must follow that the legislature did not intend to give her one, for it could easily have said so. The liability of the incompetent's estate is flat, but the liability of the family is discretionary with the court. This is the reverse of giving the wife a prior claim against the incompetent's own estate. The act is rather in furtherance of the common law than in derogation of it. See South Philadelphia State Bank's Insolvency, 295 Pa. 433 (1929), and Booth & Flinn, Ltd., v. Miller, 237 Pa. 297 (1929).

The small trust fund of $11.70 must go to the wife, however, for the only answer that has been filed—that of the corporate guardian—admits the averment that the incompetent held the fund in trust for his boy. There is no averment of whose money created the fund, and I see no reason to assume as a matter of law that it was the incompetent's. To this extent the wife's petition is granted; otherwise it is denied.

The petitions of the Commonwealth and the guardian are granted.